United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41480

_____

REX WAYNE BELL,

Plaintiff-Appellant,

versus

STARBUCKS U.S. BRANDS CORPORATION and STARBUCKS CORPORATION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-169
--------------------

Before GARWOOD, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rex Wayne Bell, owner of a business selling beer under the "Star Bock Beer" label in Galveston, appeals the decision of the district court finding trademark infringement of the Starbucks mark and issuing an injunction prohibiting the broader use of "Star Bock Beer" outside of Galveston or outside the context of Bell's weekly musical events.

Bell contends that because the district court found that his distinctive logo did not infringe on the Starbucks mark, the injunctive relief which included restrictions on the use of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

logo was inappropriate. The district court did find infringement as to the "Star Bock Beer" name, however, and once infringement has been found a district court may proscribe related activities that might have been legally permissible standing on their own. Kentucky Fried Chicken Corp. v. Diversified Packaging Corp., 549 F.2d 368, 390 (5th Cir. 1977). Bell additionally argues that dilution and confusion causes of action are mutually exclusive and cannot be supported by the same evidence. He provides only secondary authority for this contention, and courts to consider the question have rejected this theory. See James Burrough, Ltd. v. Sign of Beefeater, Inc., 540 F.2d 266, 274 n. 16 (7th Cir. 1976). The district court's decision was not clearly erroneous. Kentucky Fried Chicken, 549 F.2d at 382. The judgment of the district court is AFFIRMED.